Sheppard v. River Valley Fitness       CV-00-111-M    08/22/02
                    UNITED STATES DISTRICT COURT

                     DISTRICT OF NEW HAMPSHIRE


Mary Chris Sheppard
and Robert Sheppard,
        Plaintiffs

        v.                                  Civil No. 00-111-M
                                            Opinion No. 2002 DNH 156
River Valley Fitness One, L.P.
d/b/a River Valley Club;
River Valley Fitness GP, L.L.C.
River Valley Fitness Associates, Inc.;
Joseph Asch; and Elizabeth Asch,
        Defendants


                         **O R D E R**


        Before the court are: (1) Elizabeth Asch's Motion to

Discharge <u>Ex Parte</u> Attachment and Request for Hearing (document

no. 184); and (2) Joseph and Elizabeth Asch's Motion to Require

Plaintiffs to Obtain Independent Settlement Counsel or to

Disqualify Counsel (document no. 185).  Plaintiffs object to both

motions.  For the reasons given below, both motions are denied.


                 **Motion to Discharge Attachment**

        The Asches move to discharge the March 7, 2000, ex parte

attachment entered by the Grafton County Superior Court on

Elizabeth Asch's real property, on grounds that the attachment

was obtained by fraud and that the amount of the attachment is excessive in light of plaintiffs' largest possible recovery in this case. Plaintiffs object, arguing that defendants waived any objections to the attachment by failing to file a timely objection and that there are several different scenarios under which they could be awarded a judgment equal to or in excess of the amount of the attachment. While the court does not agree that defendants' motion is untimely,[1] plaintiffs are, nonetheless, entitled to have the attachment on Elizabeth Asch's real estate remain in place.

Assuming, for the purposes of defendants' motion, that the court could discharge the disputed attachment upon proof that it

---

[1] Plaintiffs correctly point out that on November 13, 2000, this court denied, as untimely, Elizabeth Asch's Objection to Ex Parte Attachment and Request for Hearing. (See document no. 45.) However, the order denying defendants' objection plainly left open the possibility that defendants could file a motion to dissolve the attachment. (Id.) Accordingly, the order denying defendants' objection, without more, provides no basis for denying the motion now before the court. Moreover, while N.H. REV. STAT. ANN. ("RSA") § 511-A:2, III requires a defendant to object to an attachment on or before the return date of the writ or order of notice initiating the suit, RSA 511:53 places no time limit on the filing of a motion for the reduction or discharge of an excessive attachment.

was obtained by fraud,[2] defendants have not identified any fraud on the part of plaintiffs. Rather than alleging that plaintiffs made a false statement of material fact to the Grafton County Superior Court that caused that court to enter the attachment, defendants survey the papers submitted by plaintiffs to the superior court and assert that "[t]he only reasonable conclusion is that plaintiff submitted the EEOC determination as claimed support in hope that the Court would overlook the detail of whom it applied to." (Def.s' Mot. to Discharge at 3.) Similarly, defendants attack the attachment on grounds that plaintiffs submitted a false justification, namely that the real estate they sought to attach was at risk of being concealed or removed from the state. While defendants purport to challenge the veracity of the facts submitted by plaintiffs to the superior court, it is evident that they are actually contesting that court's determinations that plaintiffs had a likelihood of success on the

---

[2] Defendant cites no authority for this proposition other than a sentence in 4 RICHARD V. WIEBUSCH, NEW HAMPSHIRE PRACTICE, CIVIL PRACTICE AND PROCEDURE § 17.17 (2d ed. 1997), which itself contains no reference to authority. The statutory provision on which defendants rely, RSA 511:53, speaks only of the reduction or discharge of attachments that are excessive or unreasonable. For the purpose of ruling on the motion before it, the court will assume that an attachment obtained by fraud is unreasonable within the meaning of RSA 511:53.

3

merits and that Ms. Asch's real estate was at risk of being placed beyond the reach of a judgment against her. Because defendants have not adequately alleged fraud on the part of plaintiffs, and have provided no legal theory under which it is appropriate for this court to review the decision of the superior court, defendants' motion to discharge the attachment on grounds of fraud is denied.

As for the amount of the attachment, the court cannot say that it is excessive. There are scenarios under which plaintiffs could receive a judgment in excess of the value of the attachment. While there may now be more legal obstacles than there once were standing between plaintiffs and a judgment on which to recover, several of those obstacles, such as defendants' various bankruptcy filings, are of defendants' own making. Plaintiffs' underlying case, however, appears to be neither stronger nor weaker than it was when the attachment was entered. Thus, the court has no basis for ruling that the amount of the attachment has become excessive with the passage of time, and defendants' motion to discharge the attachment on the ground of excessiveness is also denied.

In their motion, defendants assert that the attachment prevents Elizabeth Asch from financing the property subject to the attachment. If Ms. Asch wishes to finance that property, she has the option of substituting a bond, with appropriate sureties, for the attachment. Finally, because the court is able to resolve the question before it on the pleadings, defendants' request for a hearing is also denied.

**Motion to Replace or Disqualify Plaintiffs' Counsel**

The Asches move the court to order plaintiffs to obtain independent settlement counsel, or in the alternative, to disqualify plaintiffs' counsel for having a conflict of interest. Briefly, defendants contend that plaintiffs' counsel cannot fairly represent plaintiffs' interests in this case because counsel itself has a financial interest that is substantially larger than, and contradictory to, that of its clients. Defendants argue, <u>inter alia</u>, that even – or especially – in victory, plaintiffs might well have tax liability substantially in excess of any recovery they could possibly realize. Plaintiffs counter that: (1) defendants' analysis is based upon an inappropriately low estimate of the value of their claim; (2)

5

they have already decided what they will do in the unlikely event that their net recovery is less than their tax liability; and (3) the need for settlement counsel is academic because defendants have made no settlement offer and have indicated an absolute unwillingness to do so.

Defendants' position is without merit. In the first place, this case is materially distinguishable from the case on which defendants rely, <u>Fiandaca v. Cunningham</u>, 827 F.2d 825 (1st Cir. 1987), in at least two ways. First, plaintiffs' counsel does not represent two clients with conflicting interests. Thus, plaintiffs' counsel is not in the untenable position of choosing which client to benefit at the expense of the other. Secondly, neither the Asches nor any of the other defendants have made any settlement offer. In <u>Fiandaca</u>, the disqualifying conflict of interest only came into existence when the defendant made a specific settlement offer that would have benefitted the plaintiffs, at the expense of another client represented by the plaintiffs' counsel. Here, by contrast, there has been no settlement offer, so any conflict of interest in this case is, at best, hypothetical, even accepting the doubtful proposition that

a settlement offer can effectively conflict out opposing counsel. Finally, unlike the plaintiff class in <u>Fiandaca</u>, which was seeking injunctive relief from a government agency, plaintiffs here can be fully compensated by an award of money damages.

Defendants' motion to require plaintiffs to obtain independent settlement counsel, or alternatively, to disqualify counsel, is denied.

## Conclusion

For the reasons given above, Elizabeth Asch's motion to discharge the attachment on her real estate (document no. 184) and defendants' motion to replace or disqualify plaintiffs' counsel (document no. 185) are both denied.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

August 22, 2002

cc:  Lauren S. Irwin, Esq.
     William E. Whittington, IV, Esq.
     Joseph F. Daschbach, Esq.

7